THOMAS J. GOODMAN & SON v. WM. ALLEN at al.—JOHN CARROLL v.
T. J. GOODMAN & SON et al.—LEXINGTON LIFE, FIRE AND MARINE
INSURANCE COMPANY v. WM. ALLEN et al.—JOHN CARROLL v. LEX-
INGTON LIFE, FIRE AND MARINE INSURANCE COMPANY—MOSES GREEN-
WOOD, Surety and Intervenor.—Consolidated Cases.

The validity of an attachment cannot be drawn in question collaterally, except in cases where there
is an entire want of citation.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J.
Edwards and *Bonford*, for *Greenwood*, surety, intervenor and appellant.
*Mott & Fraser*, for appellees.

VOORHIES, J. (MERRICK, C. J., absent.) This is the sequel of the consoli-
dated cases decided in 6 and 8 An. 371 and 381.

The object of the present suit is to determine the question in relation to the
ownership of the property in controversy between the plaintiffs and *George W.
Hynson*, as curator of the succession of the late *John Carroll*.

The curator in his answer avers, in addition to his former averments, that
the steamboat New Hampshire never came into his possession; that he does
not know where she is, but believes that she has been lost, worn out or destroyed,
and that he has no means of producing said boat.

*Moses Greenwood* intervened, and joined the curator in resisting the plaintiffs'
demand. He alleges that *Carroll* was the true owner of the boat, and that
the attachments were wrongfully sued out against *Allen et als.*, inasmuch as
the same were based on claims for damages. To this the plaintiffs answered,
that it was true *Greenwood* was interested in the event of the present suit, and
that they had no objection to his intervention; but denied specially that *Carroll*
ever was the owner of the steamer, and that whatever title he held was ficti-
tious and fraudulent, and made for the purpose of cheating and defrauding the
plaintiffs; and that the intervenor had no right to question the validity of their
judgment against *Allen et al.*

The decision in *Gibson* v. *Foster*, 2 An., 507, is conclusive that the validity
of an attachment cannot be drawn into question collaterally, except in cases
where there is an entire want of citation. This view of the law we think is a
sufficient answer to the intervenor's objection to the Judge's charge to the jury
that the nullity or illegality of the attachment could not avail him in this case
to defeat the plaintiffs' recovery on the bond.

On the merits, the only question presented is one of fact. After a careful
consideration of all the circumstances disclosed by the record, we are not pre-
pared to say that there is any error in the verdict rendered by the jury, to
whom the cause was submitted. Our conviction is, that the pretended judicial
sale of the steamer to satisfy the pretended claims of *Carroll* and others, was

a mere device for the purpose of screening the property from the pursuit of the creditors of the two *Allens*, the defendants in the original suits. It does not appear to have effected any change in the relation which had previously existed between all the parties, who continued to remain on the boat. The liability of *Greenwood*, as surety of *Carroll's* bond, clearly resulted from the fact that the plaintiffs had sought in vain the satisfaction of their judgment by execution against the two *Allens*, their debtors, and the failure of the curator of *Carroll's* estate to surrender the steamer.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.